**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CHRISTINA A. HILL, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 25-1059 |
| | § | |
| v. | § | |
| | § | |
| AMEDISYS HOLDING, L.L.C. f/k/a | § | JURY TRIAL DEMANDED |
| AMEDISYS, INC. d/b/a GUARDIAN | § | |
| HOME HEALTH, | § | |
| | § | |
| Defendant. | § | |

**ORIGINAL COMPLAINT**

Plaintiff Christina A. Hill ("Plaintiff") files this action against Defendant Amedisys Holding, L.L.C. f/k/a Amedisys, Inc. d/b/a Guardian Home Health ("Defendant") for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001 et seq. ("TCHRA"), and alleges as follows:

## I.    INTRODUCTION

1.    This is an action against unlawful employment discrimination and retaliation. Plaintiff, a licensed Occupational Therapist, was subjected to disparate treatment, harassment, and termination after her supervisor discovered Plaintiff's interracial marriage.

2.    Defendant fabricated and solicited false patient complaints, retaliated when Plaintiff reported harassment, and ultimately terminated Plaintiff's employment and reported her to her licensing board.

Original Complaint                                                                                                          Page 1

3. Defendant's actions constitute unlawful discrimination based on race and color, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act ("TCHRA").

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e-5(f).

5. Venue is proper in the Eastern District of Texas under 28 U.S.C. § 1391. Defendant conducts substantial business in this District and maintains offices in this District. For example, Defendant maintains offices in Texarkana, Beaumont, Paris, and Sherman. https://locations.amedisys.com/tx/ Moreover, Plaintiff was employed by Defendant from this District.

## III. PARTIES

6. Plaintiff Christina A. Hill is a U.S. citizen residing in Whitehouse, Texas.

7. Defendant Amedisys Holding, L.L.C. f/k/a Amedisys, Inc. d/b/a Guardian Home Health is a healthcare provider headquartered at 501 Louisiana Ave., Baton Rouge, LA 70802, with offices across Texas, including Sherman, Richardson, Fort Worth, Waxahachie, and Paris, Texas. Defendant may be served by serving its registered agent for service of process: Corporation Service Company, 450 Laurel Street, 8th Floor, Baton Rouge, LA 70801.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff timely filed a charge of discrimination with the EEOC and the Fort Worth Human Relations Commission (dual filing) in January 2025.

9. On August 18, 2025, the EEOC issued Plaintiff a Notice of Right to Sue. This lawsuit is filed within the 90-day time limit.

## V.    FACTUAL ALLEGATIONS

10.    Plaintiff, Christina A. Hill, was hired by Defendant Amedisys, Inc. d/b/a Guardian Home Health on July 22, 2024, as an Occupational Therapist. Plaintiff was hired on a two-year contract with approximately $10,000 of bonus to be paid out at 6 months, 12 months, and 2 years.

11.    On December 12, 2024, Plaintiff's supervisor, Director of Operations Molly Boring, praised her performance and said she was growing her caseload and would receive an assistant.

12.    Plaintiff also qualified for a company fleet vehicle during her employment.

13.    Ms. Boring never specifically complained about Plaintiff prior to Defendant's December 13, 2024, Christmas Party.

14.    On December 13, 2024, at Defendant's Christmas party, Ms. Boring refused to greet or shake the hand of Plaintiff's husband, Dr. Dometrius Hill, a Black male, though she openly greeted others. She smiled but did not look at him, speak to him, or acknowledge him in any way.

15.    Within approximately eleven working days, Ms. Boring began targeting Plaintiff. For example, Ms. Boring began telling patients that Plaintiff had multiple complaints against her.

16.    On December 30, 2024, Ms. Boring began calling Plaintiff's patients and caregivers, placing at least twelve such calls.

17.    Ms. Boring willfully and knowingly engaged in malicious and/or reckless behavior targeting the Plaintiff with the intent to discriminate against her.

18.    On January 2, 2025, Joyce Fuel reported that Ms. Boring called her with inappropriate questions. Plaintiff immediately reported harassment to HR.

19.    On January 7, 2025, Plaintiff called HR to report workplace bullying and harassment. Within one hour, she was placed on administrative leave.

20.     Plaintiff attempted to report Ms. Boring's conduct multiple times, formally and in writing, asking Amedisys to investigate each claim Ms. Boring was making against her.

21.     On January 15, 2025, Defendant terminated Plaintiff. Plaintiff was not informed directly. She learned of her termination after being locked out of her email and hearing it from patients and co-workers. Defendant claimed Plaintiff's termination was for a violation of Amedisys policy.

22.     At that time, Plaintiff was also approximately weeks away and on track for first contractual bonus payout on (1/22/25).

23.     Plaintiff appealed her termination. Plaintiff informed Defendant that she was a victim of her supervisor's discriminatory behavior. Plaintiff informed Defendant that her supervisor forged and falsified complaints against her after meeting Plaintiff's husband and learning that he was black.

24.     Defendant rescheduled and then canceled Plaintiff's appeal meeting without notice.

25.     Defendant then affirmed Plaintiff's termination, despite Plaintiff's evidence that her termination was wrongful.

26.     Plaintiff exhausted her administrative remedies and now files this lawsuit seeking justice for Defendant's misconduct.

## VI.    CAUSES OF ACTION

**COUNT I – Race and Color Discrimination (Title VII)**

27.     Plaintiff incorporates all foregoing paragraphs of her Complaint as if set forth in full herein.

28. Defendant terminated, discriminated against, and adversely treated Plaintiff because of her race and color (white) and her association with her husband (who is black), in violation of Title VII.

29. Plaintiff engaged in protected activity when she reported harassment to HR on January 2 and January 7, 2025.

30. Defendant retaliated by placing her on administrative leave within one hour, terminating her on January 15, 2025, canceling her appeal meeting, ignoring exculpatory evidence, and threatening her post-employment.

31. Plaintiff seeks all available damages and relief for violations of Title VII as requested below.

**COUNT II – 42 U.S.C. § 1981**

32. Plaintiff incorporates all foregoing paragraphs of her Complaint as if set forth in full herein.

33. The conduct alleged herein violates 42 U.S.C. § 1981 of the United States Code, as Defendant has engaged in the practice of discrimination and retaliation against Plaintiff.

34. Plaintiff seeks all available damages and relief for violations of § 1981 as requested below.

**COUNT III – Race and Color Discrimination (TCHRA)**

35. Plaintiff incorporates paragraphs 1–27.

36. Defendant's actions constitute unlawful discrimination under the TCHRA.

37. Defendant retaliated against Plaintiff for protected complaints of discrimination in violation of Tex. Lab. Code §21.055.

38.    Plaintiff seeks all available damages and relief for violations of the TCHRA as requested below.

**COUNT IV – Cat's Paw Theory of Liability**

39.    Ms. Boring actions influenced the decisionmaker, Defendant, to take adverse employment action against Plaintiff.

40.    Ms. Boring's actions were based on discriminatory animus against Plaintiff and/or retaliatory.

41.    Defendant is liable for Ms. Boring's discriminatory animus.

## VII.   DAMAGES

42.    Plaintiff lost her Amedisys income (approx. $6,279–$6,967 gross per pay period). After termination, Plaintiff found work at significantly reduced pay.  Plaintiff also lost bonus compensation that she would have otherwise been due.

43.    Plaintiff endured loss of benefits, insurance, retirement contributions, and other employment privileges.

44.    Plaintiff suffered emotional distress, humiliation, and reputational harm, including being falsely reported to her licensing board and threatened with legal action post-employment.

45.    Plaintiff is entitled to back pay, front pay, compensatory damages, punitive damages, and attorneys' fees.

## VIII.  JURY DEMAND

46.    Plaintiff demands a trial by jury on all issues so triable.

## IX.    PRAYER FOR RELIEF

47.    WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and award:

a. A declaration that the practices complained of herein are unlawful and in violation of the Civil Rights Act of 1871, as amended, 42 U.S.C. 1981 et seq.; the 1991 Civil Rights Act, as amended, 42 U.S.C. 1981a et seq.; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., and the TCHRA.

b. An order restraining Defendant from any retaliation in any form against Plaintiff for participation in this litigation or any protected activity.

c. An order granting Plaintiff injunctive relief against Defendant, including but not limited to: reinstatement, training on the subject of employment discrimination for all of Defendant's employees; diversity training for all of Defendant's managers conducted by reputable outside vendors; supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination; active monitoring of the work areas to ensure compliance with discrimination policies; and monitoring by the Court or a Federal Agency to ensure that Defendant complies with all injunctive relief.

d. An award in favor of Plaintiff for all damages which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, general and special damages for lost compensation, and job benefits they would have received but for Defendant's discriminatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

e. An award in favor of Plaintiff for exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct;

f. An award in favor of Plaintiff for Plaintiff's costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees, and other costs;

g. An award in favor of Plaintiff for pre-judgment and post-judgment interest, as provided by law; and

h. An order granting Plaintiff such other and further relief as this Court finds necessary and proper.

Dated: October 22, 2025

Respectfully submitted,

Shawn A. Latchford
Texas Bar No. 24066603
shawn@brusterpllc.com

Original Complaint

Page 7

**BRUSTER PLLC**
5001 LBJ Freeway, Suite 850
Dallas, Texas 75244
Telephone: 817.601.9564
Facsimile: (903) 470-7350

*Counsel for Plaintiff*
*Christina A. Hill*